UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
JOSE GOMEZ, on behalf of himself and all other persons
similarly situated,

                             Index No.

                 **Plaintiff,**

       - against -

NATURES WAY FOODS CORP., and JUAN
RODRIGUEZ, individually and as a manager and owner of
Natures Way Foods Corp, Inc.,

               **Defendants.**

-------------------------------------------------------------------------------x

**COLLECTIVE
ACTION
COMPLAINT**

      Plaintiff Jose Gomez (hereinafter, "Plaintiff"), by and through his undersigned

attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against

Natures Way Foods Corp., and Juan Rodriguez, individually and as a Manager and

Owner of Natures Way Foods Corp., (hereinafter collectively referred to as

"Defendants") and alleges, on behalf of himself and all other persons similarly situated,

upon personal knowledge as to herself, and upon information and belief as to other

matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff, brings this action on behalf of himself and current and former

    employees of Defendants who worked as Drivers and Helpers and who elect

    to opt into this action, pursuant to section 16(b) of the Fair Labor Standards

    Act of 1938, as amended (29 U.S.C. § 216(b)), and alleges that Plaintiff is

    entitled to: (i) wages from Defendants because Plaintiff was paid below

    the statutory minimum wage, as required by the Fair Labor Standards Act

    §§ 29 U.S.C. 201 et seq. ("FLSA") and United States Department of Labor,

Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V et seq. ("Federal Wage Regulations"); (ii) overtime wages from Defendants for overtime work for which Plaintiff did not receive overtime premium pay, as required under the FLSA and Federal Wage Regulations; and, (iii) attorneys fees and costs, interest and liquidated damages pursuant to the FLSA and its Federal Wage Regulations.

2. Plaintiff alleges that Plaintiff is also entitled to: (i) wages from Defendants because Plaintiff was paid below the statutory minimum wage as provided by New York State's Minimum Wage Act, New York State Labor Law §§ 190 et seq. and §§ 650 et seq. ("NYLL"), and New York State Department of Labor's Minimum Wage Order for Miscellaneous Industries and Occupations, Part 142 of Title 12 of the Official Compilation of Codes, Rules and Regulations of The State of New York, 12 N.Y.C.R.R. Part 142 ("Wage Order"); (ii) overtime wages from Defendants for overtime work for which Plaintiff did not receive overtime premium pay, as required by NYLL and 12 N.Y.C.R.R. § 142.2-2; (iii) damages associated with violations of the Wage Order's spread of hours regulations, 12 N.Y.C.R.R. §§ 142-2.4 and 142-2.18, because Plaintiff did not receive an extra hour of pay for days on which Plaintiff worked 10 or more hours; (iv) damages associated with Defendants' failure to provide Plaintiff with a statement when Plaintiff was paid wages that was compliant with N.Y. Labor Law § 195(3) and 12 N.Y.C.R.R. § 142-2.7; (v) damages associated with Defendants' failure to provide Plaintiff with a statement pursuant to N.Y. Labor Law § 195(1)(a) at

the time that Defendants' hired Plaintiff; and, (iv) attorneys fees and costs, interest and liquidated and punitive damages pursuant to the NYLL and the Wage Order.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred on this court by section 16(b) of the FLSA (29 U.S.C. § 216(b)), and by the provisions of 28 U.S.C. § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 relating to any civil action or proceeding arising under the laws of the United States.

5. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

6. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8. Plaintiff is an adult male who, at all relevant times, resided in Bronx County, New York.

9. Plaintiff's consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b), is attached to this complaint and incorporated by reference.

10. Plaintiff worked for Defendants from in or around February 2018 to May 2018.

11. During the time that Plaintiff worked for Defendants, Plaintiff was supervised and managed by Defendant Juan Rodriguez.

12. Upon information and belief, Defendant Juan Rodriguez serves as owner, manager, principal, or agent of Defendant Natures Way Foods Corp.

13. Defendant Natures Way Foods Corp., is a corporation organized and existing under the laws of the State of New York, having its principal office and place of business in Queens County, New York.

14. Defendant Nature's Way Foods Corp., is a private domestic corporation, with its principal place of business in Queens County in the State of New York.

15. Defendants produce and supply retailers and foodservice companies with meat, cheeses, dairy products, etc.

16. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in 29 U.S.C. § 203(e).

17. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in 12 N.Y.C.R.R. § 142-2-14.

18. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in NYLL § 2(5).

19. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in NYLL § 2(5).

20. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in NYLL § 190(2).

21. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in NYLL § 651(5).

22. At all relevant times herein, Defendants, individually and collectively, were each Plaintiff's "employer," as defined in 29 U.S.C. § 203(d).

23. At all relevant times herein, Defendants, individually and collectively, were Plaintiff's "employer," as defined by NYLL § 2(6).

24. At all relevant times herein, Defendants, individually and collectively, were Plaintiff's "employer," as defined by NYLL § 190(3).

25. At all relevant times herein, Defendants, individually and collectively, were Plaintiff's "employer," as defined by NYLL § 651(6).

26. At all relevant times herein, Plaintiff was "employed" by Defendants, as defined by NYLL § 2(7).

27. At all times relevant herein, Defendant Natures Way Foods Corp., was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

28. At all relevant times herein, Defendant Natures Way Foods Corp., was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

29. At all relevant times herein, Defendants were, and are, each individually, a "person" within the meaning of 29 U.S.C. § 203(a).

5

30. During the time that Plaintiff was employed by Defendants, Plaintiff was an employee engaged or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

31. Defendants, at all relevant times herein, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

32. Upon information and belief, at all relevant times herein, Defendants had gross annual revenues in excess of $500,000.00.

33. Defendants are each individually and collectively a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

### COLLECTIVE ACTION CLAIMS

34. Plaintiff brings the First Cause of Action, FLSA claims, on behalf of himself and all similarly situated persons who have worked as Helpers or Drivers or have performed the duties of Helper or Driver as described herein who elect to opt-in to this action (the "FLSA Collective").

35. Consistent with Defendant's policy and pattern or practice, Plaintiff and the FLSA Collective were not paid the statutory minimum wage, nor were they paid premium overtime compensation for all hours worked beyond 40 per workweek.

36. All of the work that Plaintiff and the FLSA Collective have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

37. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy or practice includes:

   a. willfully failing to pay its employees, including Plaintiff and the FLSA Collective, less than the statutory minimum wage;

   b. willfully failing to pay its employees, including Plaintiff and the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;  and,

   c. willfully failing to record all of the hours that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

38. Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to accurately record all of the hours its employees work.

39. Defendants were aware or should have been aware that federal law required them to pay employees performing non-exempt duties the statutory minimum wage and overtime premium for hours worked in excess of 40 per workweek.

40. Plaintiff and the FLSA Collective perform or performed the same primary duties.

41. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FACTUAL ALLEGATIONS

42. At all relevant times, the Defendants operated its business, in part, in the Hunts Point section of Bronx County, which is where Plaintiff reported for work during the time that Defendants employed Plaintiff.

43. At all relevant times, Defendants had the power to hire and fire Plaintiff.

44. At all relevant times, Defendants controlled Plaintiff's terms and conditions of employment, and determined Plaintiff's rate and method of compensation.

45. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees, including directives they received concerning Defendants employment and timekeeping, payroll, and compensation practices.

46. Upon information and belief, Defendants applied the same employment policies, practices, and procedures to all employees who performed the duties of a Driver or Helper, including Defendants' policy and practice of compensating its Drivers and Helpers at a rate of pay that is less than the statutory minimum wage and refusing to pay premium overtime wages, at a rate not less than one and one-half times the regular rate of pay, for all hours worked in excess of 40 in a calendar week.

47. During the Plaintiff's employment with the Defendant, was assigned the duties of both a Driver and Helper.

48. As a Driver, Plaintiff's primary duties were to load Defendants' food products and related supplies into Defendants' cargo vehicle, transport Defendants' the vehicle to Defendants' customers and clients, unload the contents of Defendants' cargo vehicle, and deliver Defendants' goods to Defendants' customers and clients, who are primarily in the foodservice industry and sell prepared food and meals directly to the public.

49. As a Helper, Plaintiff performed the same duties as a Driver except driving Defendants' vehicle.

50. At all relevant times during Plaintiff's employment with Defendant, Plaintiff had no managerial duties or decision-making authority, and was not authorized to spend money on the company's behalf.

51. Beginning in or around March 2018, Plaintiff was assigned to work from 7:00 a.m. to anywhere between 6:00 p.m. 8:00 p.m. on Mondays through Fridays in exchange for $450 per week.

52. In or around May 2018, after Plaintiff had a vehicular accident in one of Defendant's vehicles while performing his duties, Defendants assigned Plaintiff to perform the duties of a Helper and reduced Plaintiff's rate of pay to $300 without changing Plaintiff's work schedule.

53. Plaintiff worked the same schedule for the duration of his employment with Defendants.

54. Defendants failed to pay Plaintiff overtime premium wages in compliance with federal and New York State law when Plaintiff worked in excess of forty (40) hours in one workweek.

55. During Plaintiff's employment, Defendants suffered or permitted Plaintiff to work over forty (40) hours per week without compensating Plaintiff at a rate not less than one and one-half the regular rate at which Plaintiff was employed for all hours worked in excess of forty (40) hours.

56. During the time that Plaintiff worked for Defendants, Plaintiff did not receive uninterrupted meal or rest periods, of at least twenty (20) minutes.

57. Defendants willfully elected not to pay Plaintiff for working through Plaintiff's meal or rest periods.

58. Defendants did not pay Plaintiff spread of hours pay when Plaintiff worked more than 10 hours in one day.

59. Defendants were aware or should have been aware that it was not fully compensating Plaintiff for Plaintiff's labor.

60. Throughout the duration of Plaintiff's employment with Defendants, Plaintiff was issued paystubs that did not conform to NYLL § 195(3), including, but not limited to the pay period being paid in the paystub, overtime premium rate of pay, and the number of hours that Plaintiff worked in the pay period.

61. Defendants did not keep accurate records of wages earned or hours worked by Plaintiff.

62. As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201, et seq.

63. Defendants did not have a procedure to monitor the hours worked by Plaintiff when Plaintiff worked without a meal or rest period.

## FIRST CLAIM OF RELIEF
## MINIMUM WAGE CLAIMS UNDER FAIR LABOR STANDARDS ACT

64. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

65. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and other similarly situated current and former employees of Defendants, less than the statutory hourly minimum wage when they worked for Defendants.

66. As a result of the Defendants' willful failure to compensate Plaintiff, and other similarly situated current and former employees of Defendants, at or above the statutory minimum hourly rate, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*

67. Defendants' unlawful conduct, as described in the instant Collective Action Complaint, has been willful and intentional.

68. Defendants were aware or should have been aware that the practices described in the instant Complaint were unlawful.

69. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

70. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Because of Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72. Due to Defendants' FLSA violations, Plaintiff and other similarly situated current and former employees of Defendants are entitled to recover from Defendants unpaid minimum wage compensation, and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM OF RELIEF
## OVERTIME CLAIMS UNDER FAIR LABOR STANDARDS ACT

73. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

74. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and other similarly situated current and former employees of Defendants.

75. At all relevant times, Defendants failed to pay overtime compensation, equal to one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek, to the individuals Defendants employed as Drivers and Helpers, including Plaintiff and other similarly situated current and former employees of Defendants.

76. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and other similarly situated current and former employees

of Defendants, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 et seq.

77. Defendant's unlawful conduct, as described in the instant Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in the instant Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

78. Because of Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

79. As a result of Defendant's unlawful acts, Plaintiff and other similarly situated current and former employees of Defendants have been deprived of overtime compensation and other wages in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF
### NEW YORK STATE MINIMUM WAGE ACT

80. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

81. Defendants willfully violated Plaintiff's rights by paying Plaintiff at rates that were less than the statutory minimum wage for each hour worked, in violation of NYLL and the Wage Order.

82. Defendants' NYLL and Wage Order violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

83. Due to Defendants' NYLL and Wage Order violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements in connection with this action, pursuant to New York State Labor Law §§ 190 *et seq.* and 650 *et seq.*

84. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

85. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages as provided for by NYLL Article 19, § 663, reasonable attorneys' fees, costs, and prejudgment interest.

## FOURTH CLAIM FOR RELIEF
## WAGE ORDER OVERTIME CLAIMS

86. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

87. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff.

88. Defendants failed to pay Plaintiff overtime wages to which Plaintiff was entitled to pursuant to NYLL and the Wage Order, 12 N.Y.C.R.R. § 142-2.2.

14

89. Through their knowledge or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19 §§ 650 *et seq*., and the supporting Wage Order.

90. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

91. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages as provided for by NYLL Article 19, § 663, reasonable attorneys' fees, costs, and prejudgment interest.

### FIFTH CLAIM FOR RELIEF
### WAGE ORDER SPREAD OF HOUR CLAIMS

92. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

93. Defendants' willfully violated Plaintiffs' rights by failing to pay Plaintiff spread of hours compensation equal to one additional hour of pay at the basic minimum hourly rate of pay when Plaintiff's workday lasted longer than ten hours, in accordance with the NYLL and the Wage Order.

94. Defendants' NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

95. Through their knowledge or intentional failure to pay Plaintiff spread of hour wages when Plaintiff's workday lasted more than ten (10) hours, Defendants

have willfully violated the NYLL Article 19 §§ 650 *et seq.*, and the supporting Wage Order.

96. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid spread of hour wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

97. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid spread of hour wages, liquidated damages as provided for by NYLL Article 19, § 663, reasonable attorneys' fees, costs, and prejudgment interest.

**SIXTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW NOTICE AND RECORDKEEPING**
**CLAIMS**

98. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

99. Defendants violated NYLL § 195(1)(a) by failing to provide Plaintiff with a written notice at the time of hiring containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; the telephone number of the employer.

100.  Due to Defendants' NYLL violations, Plaintiff is entitled to recover $5,000, together with costs and attorneys fees, pursuant to NYLL § 198.

## SEVENTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW WAGE STATEMENT CLAIMS

101.  Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

102.  Defendants willfully violated Plaintiff's rights by failing to provide Plaintiff with a weekly wage statement compliant with NYLL § 195(3) and 12 N.Y.C.R.R. § 142-2.7.

103.  Defendant's NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

104.  Due to Defendant's NYLL violations, Plaintiff is entitled to recover $5,000, together with costs and attorneys fees, pursuant to NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a)  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective,

apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and Plaintiff's counsel to represent the Collective Action members;

b) Declaring that Defendants violated the minimum wage provisions of, and supporting rules and regulations, of the FLSA with respect to Plaintiff and the FLSA Class members;

c) Declaring that Defendants violated the overtime provisions, and supporting rules and regulations, of the FLSA as to Plaintiff and the FLSA Class members;

d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA Class members' compensation, hours and wages;

e) Declaring that the Defendants' violations of the FLSA were willful as to Plaintiff and the FLSA Class members;

f) Awarding Plaintiff and the FLSA Class members damages in an amount equal to any unpaid minimum and overtime wages;

g) Awarding Plaintiff and the FLSA Class members liquidated damages in an amount equal to 100% of any damages for unpaid minimum and overtime wages;

h) Declaring that Defendants violated the minimum wage provisions under the NYLL Article 6, §§ 198 *et seq.*, NYLL Article 19, §§ 650 *et seq.*, and the supporting Wage Order, 12 N.Y.C.R.R. § 142.2.1(a)(1);

i) Declaring that Defendants violated the overtime wage provisions under the NYLL Article 6, §§ 198 *et seq.*, NYLL Article 19, §§ 650 *et seq.*, and the supporting Wage Order, 12 N.Y.C.R.R. § 142-2.2;

j) Declaring that Defendants violated the spread of hour provisions under the Wage Order, 12 N.Y.C.R.R. §§ 142-2.4 and 142-2.18;

k) Declaring that Defendants violated notice and recordkeeping requirements under NYLL § 195(1);

l) Declaring that Defendants violated the wage statement requirements under NYLL § 195(3)

m) Declaring that Defendants violated the wage statement requirements under 12 N.Y.C.R.R. § 142-2.7;

n) Declaring that Defendants violated the recordkeeping requirements pursuant to NYLL § 195(4);

o) Declaring that Defendants violated the recordkeeping requirements pursuant to 12 N.Y.C.R.R. § 142-2.6;

p) Awarding Plaintiff damages in an amount equal to any unpaid minimum and overtime wages under NYLL Article 6, §§ 198 *et seq.*, NYLL Article 19, §§ 650 *et seq.*, and the supporting Wage Order;

q) Awarding Plaintiff damages for unpaid spread of hour wages and compensation;

r) Awarding Plaintiff damages for Defendants violations of the notice and recordkeeping requirements under NYLL § 195(1), pursuant to NYLL §§ 198(1-b);

s) Awarding Plaintiff damages for Defendants violations of the notice and recordkeeping requirements under NYLL § 195(3), pursuant to NYLL §§ 198(1-d);

t) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of any damages for unpaid minimum, overtime, and spread of hour wages and compensation, pursuant to NYLL § 198(1-a);

u) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of any damages for unpaid minimum, overtime, and spread of hour wages and compensation, pursuant to NYLL § 663;

v) Awarding Plaintiff and the FLSA Class members pre-judgment and post-judgment interest, at 9% per centum per annum, pursuant to N.Y. C.P.L.R. §§ 5001(a), 5002, and 5004;

w) Awarding Plaintiff and the FLSA Class members statutory attorneys fees and costs associated with this action pursuant to the FLSA and NYLL;

x) Declaring and providing that if any amounts remain unpaid at the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, pursuant to NYLL § 198(4); and,

y) All such other relief that this Court shall deem just and proper.

Date:  New York, New York
       March 5, 2019

                                          Michael B. Palillo, Esq.

                              By:

                                          Michael B. Palillo
                                          *Attorneys for Plaintiff*
                                          277 Broadway, Suite 501
                                          New York, New York 10007
                                          Tel. (212) 608-8959
                                          Email: fz@fzapatalaw.com

## CONSENT TO SUE UNDER FEDERAL LABOR STANDARDS ACT

By my signature below, I hereby authorize the filing and prosecution of claims in my name, on my behalf of myself and all other persons similarly situated, to contest the failure of Natures Way Foods Corp., Inc., to pay me overtime wages as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*  I authorize the filing of this consent in the lawsuit challenging such conduct and consent to being named as a representative party plaintiff in this action lawsuit, pursuant to 29 U.S.C. 216(b). I have been provided with a copy of the retainer agreement that I signed by Michael B. Palillo, P.C., and I agree to be bound by its terms. I hereby designate Michael B. Palillo, P.C., to represent me in such a lawsuit.

Jose Gomez

3/5/2019
Date