UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSE GOMEZ, on behalf of himself and all other persons
similarly situated,

                    Index No.
                    19 Civ. 1440 (BMG)

                Plaintiff,

        - against -

                    AMENDED
NATURES WAY FOODS CORP, and JUAN            COLLECTIVE
RODRIGUEZ, individually and as a manager and owner of  ACTION
Natures Way Foods Corp,                    COMPLAINT

                Defendants.
------------------------------------------------------------------------x

      Plaintiff Jose Gomez (hereinafter, "Plaintiff"), by and through his undersigned

attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against

Natures Way Foods Corp and Juan Rodriguez, individually and as a Manager and Owner

of Natures Way Foods Corp (hereinafter collectively referred to as "Defendants"), and

alleges, on behalf of himself and all other persons similarly situated, upon personal

knowledge as to herself, and upon information and belief as to other matters, as follows:

<u>**NATURE OF THE ACTION**</u>

1.    Plaintiff, brings this action on behalf of himself and current and former

      employees of Defendants who worked as Drivers and Helpers and who elect

      to opt into this action, pursuant to section 16(b) of the Fair Labor Standards

      Act of 1938, as amended (29 U.S.C. § 216(b)), and alleges that Plaintiff is

      entitled to: (i) wages from Defendants because Plaintiff was paid below

      the statutory minimum wage, as required by the Fair Labor Standards Act

      §§ 29 U.S.C. 201 et seq. ("FLSA") and United States Department of Labor,

      Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B,

Chapter V et seq. ("Federal Wage Regulations"); (ii) overtime wages from Defendants for overtime work for which Plaintiff did not receive overtime premium pay, as required under the FLSA and Federal Wage Regulations; and, (iii) attorneys fees and costs, interest and liquidated damages pursuant to the FLSA and its Federal Wage Regulations.

2. Plaintiff is also entitled to: (i) wages from Defendants because Plaintiff was paid below the statutory minimum wage as provided by New York State's Minimum Wage Act, New York State Labor Law §§ 190 et seq. and §§ 650 et seq. ("NYLL"), and New York State Department of Labor's Minimum Wage Order for Miscellaneous Industries and Occupations, Part 142 of Title 12 of the Official Compilation of Codes, Rules and Regulations of The State of New York, 12 N.Y.C.R.R. Part 142 ("Wage Order"); (ii) overtime wages from Defendants for overtime work for which Plaintiff did not receive overtime premium pay, as required by NYLL and 12 N.Y.C.R.R. § 142.2-2; (iii) damages associated with violations of the Wage Order's spread of hours regulations, 12 N.Y.C.R.R. §§ 142-2.4 and 142-2.18, because Plaintiff did not receive an extra hour of pay for days on which Plaintiff worked 10 or more hours; (iv) damages associated with Defendants' failure to provide Plaintiff with a statement when Plaintiff was paid wages that was compliant with N.Y. Labor Law § 195(3) and 12 N.Y.C.R.R. § 142-2.7; (v) damages associated with Defendants' failure to provide Plaintiff with a statement pursuant to N.Y. Labor Law § 195(1)(a) at the time that Defendants' hired

Plaintiff; and, (vi) attorneys fees and costs, interest and liquidated and punitive damages pursuant to the NYLL and the Wage Order.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred on this Court pursuant to § 16(b) of the FLSA (29 U.S.C. § 216(b)) and 28 U.S.C. §§ 1331 and 1337 because this matter involves a federal question based upon the FSLA and Plaintiff's statutory right to bring an action pursuant to the FLSA was created pursuant to an Act of Congress under its powers to regulate commerce.

4. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because the claims are so related to Plaintiff's FLSA claims that they form part of the same case.

5. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7. Plaintiff is an adult male who, at all relevant times, resided in Bronx County, New York.

8. Plaintiff's consent in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b), is attached to this Amended Complaint and incorporated by reference.

9.  Plaintiff worked for Defendants from in or around February 2018 to in or around April 26, 2019.

10. During the time that Plaintiff worked for Defendants, Plaintiff was supervised and managed by Defendant Juan Rodriguez.

11. Upon information and belief, Defendant Juan Rodriguez serves as owner, manager, principal, or agent of Defendant Natures Way Foods Corp.

12. Defendant Natures Way Foods Corp is a corporation organized and existing under the laws of the State of New York, having its principal office and place of business in Queens County, New York.

13. Defendants produce and supply retailers and foodservice companies with meat, cheeses, dairy products, etc.

14. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in 29 U.S.C. § 203(e).

15. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in 12 N.Y.C.R.R. § 142-2-14.

16. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in NYLL § 2(5).

17. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in NYLL § 190(2).

18. At all relevant times herein, Plaintiff was Defendants' "employee," as defined in NYLL § 651(5).

19. At all relevant times herein, Defendants, individually and collectively, were each Plaintiff's "employer," as defined in 29 U.S.C. § 203(d).

20. At all relevant times herein, Defendants, individually and collectively, were Plaintiff's "employer," as defined by NYLL § 2(6).

21. At all relevant times herein, Defendants, individually and collectively, were Plaintiff's "employer," as defined by NYLL § 190(3).

22. At all relevant times herein, Defendants, individually and collectively, were Plaintiff's "employer," as defined by NYLL § 651(6).

23. At all relevant times herein, Plaintiff was "employed" by Defendants, as defined by NYLL § 2(7).

24. At all times relevant herein, Defendant Natures Way Foods Corp was an "enterprise" within the meaning of 29 U.S.C. § 203(r).

25. At all relevant times herein, Defendant Natures Way Foods Corp was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

26. At all relevant times herein, Defendants were, and are, each individually, a "person" within the meaning of 29 U.S.C. § 203(a).

27. During the time that Plaintiff was employed by Defendants, Plaintiff was an employee engaged or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

28. Defendants, at all relevant times herein, has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

29. Upon information and belief, at all relevant times herein, Defendants had gross annual revenues in excess of $500,000.00.

30. Defendants are each individually and collectively a covered employer within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

## COLLECTIVE ACTION CLAIMS

31. Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of himself and all similarly situated persons who have worked as Helpers or Drivers or have performed the duties of Helper or Driver as described herein who elect to opt-in to this action (the "FLSA Collective").

32. Consistent with Defendant's policy and pattern or practice, Plaintiff and the FLSA Collective were not paid the statutory minimum wage, nor were they paid premium overtime compensation for all hours worked beyond 40 per workweek.

33. All of the work that Plaintiff and the FLSA Collective have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

34. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy or practice includes:

   a.  willfully failing to pay its employees, including Plaintiff and the FLSA Collective, less than the statutory minimum wage;

b.   willfully failing to pay its employees, including Plaintiff and the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;  and,

c.   willfully failing to record all of the hours that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

35. Defendants' unlawful conduct, as described in this Amended Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to accurately record all of the hours its employees work.

36. Defendants were aware or should have been aware that federal law required them to pay employees performing non-exempt duties the statutory minimum wage and overtime premium for hours worked in excess of 40 per workweek.

37. Plaintiff and the FLSA Collective perform or performed the same primary duties.

38. Defendants' unlawful conduct has been widespread, repeated, and consistent.

**FACTUAL ALLEGATIONS**

39. At all relevant times, the Defendants operated its business, in part, in the Hunts Point section of Bronx County, which is where Plaintiff reported for work during the time that Defendants employed Plaintiff.

40. At all relevant times, Defendants had the power to hire and fire Plaintiff.

41. At all relevant times, Defendants controlled Plaintiff's terms and conditions of employment, and determined Plaintiff's rate and method of compensation.

42. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees, including directives they received concerning Defendants employment and timekeeping, payroll, and compensation practices.

43. Upon information and belief, Defendants applied the same employment policies, practices, and procedures to all employees who performed the duties of a Driver or Helper, including Defendants' policy and practice of compensating its Drivers and Helpers at a rate of pay that is less than the statutory minimum wage and refusing to pay premium overtime wages, at a rate not less than one and one-half times the regular rate of pay, for all hours worked in excess of 40 in a calendar week.

44. During the Plaintiff's employment with the Defendant, was assigned the duties of both a Driver and Helper.

45. As a Driver, Plaintiff's primary duties were to load Defendants' food products and related supplies into Defendants' cargo vehicle, transport Defendants' the vehicle to Defendants' customers and clients, unload the contents of Defendants' cargo vehicle, and deliver Defendants' goods to Defendants' customers and clients, who are primarily in the foodservice industry and sell prepared food and meals directly to the public.

46. As a result of Plaintiff's work related Driver/Helper duties, he would routinely deliver goods to Defendants' clients in locations in or around Queens County, Bronx County, New York County, Kings County.

47. As a Helper, Plaintiff performed the same duties as a Driver except driving Defendants' vehicle.

48. At all relevant times during Plaintiff's employment with Defendant, Plaintiff had no managerial duties or decision-making authority, and was not authorized to spend money on the company's behalf.

49. Beginning in or around March 2018, Plaintiff was assigned to work from 7:00 a.m. to anywhere between 6:00 p.m. 8:00 p.m. on Mondays to Fridays in exchange for $450 per week.

50. In or around May 30, 2018, after Plaintiff had a vehicular accident in one of Defendant's vehicles while performing his duties.

51. As a result of the accident, Plaintiff was unable to report for duty for approximately two weeks.

52. After Plaintiff reported for duty when he was well enough to work, Defendants assigned Plaintiff to perform the duties of a Helper and reduced Plaintiff's rate of pay to $300 without changing Plaintiff's work schedule.

53. In or around November 2018, Defendants raised Plaintiff's wages to $420 per week and Plaintiff continued working the same hours and days, e.g., Monday to Friday, from 7:00 a.m. to anywhere between 6:00 p.m. and 8:00 p.m.

54. In or around January 2019, Plaintiff's work schedule was changed from Monday to Friday, 7:00 a.m. to anywhere between 6:00 p.m. and 8:00 p.m. to Monday to Friday 7:00 a.m. to 4:00 p.m.

55. Although Plaintiff's work hours were reduced, his weekly rate of pay of $420 remained the same for the duration of his employment.

56. Defendants failed to pay Plaintiff overtime premium wages in compliance with federal and New York State law when Plaintiff worked in excess of forty (40) hours in one workweek.

57. During Plaintiff's employment, Defendants caused Plaintiff to suffer and/or permitted Plaintiff to work over forty (40) hours per week without compensating Plaintiff at a rate not less than one and one-half the regular rate at which Plaintiff was employed for all hours worked in excess of forty (40) hours.

58. During the time that Plaintiff worked for Defendants, Plaintiff did not receive uninterrupted meal or rest periods, of at least twenty (20) minutes.

59. Defendants willfully elected not to pay Plaintiff for working through Plaintiff's meal or rest periods.

60. Defendants did not pay Plaintiff spread of hours pay when Plaintiff worked more than 10 hours in one day.

61. Defendants were aware or should have been aware that it was not fully compensating Plaintiff for Plaintiff's labor.

62. Throughout the duration of Plaintiff's employment with Defendants, Plaintiff was issued paystubs that did not conform to NYLL § 195(3), including, the number of hours that Plaintiff worked in the pay period.

63. Defendants did not keep accurate records of wages earned or hours worked by Plaintiff.

64. As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff, Defendants have failed to

make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201, et seq.

65. Defendants did not have a procedure to monitor the hours worked by Plaintiff when Plaintiff worked without a meal or rest period.

**FIRST CLAIM OF RELIEF**
**MINIMUM WAGE CLAIMS UNDER FAIR LABOR STANDARDS ACT**

66. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

67. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and other similarly situated current and former employees of Defendants, the statutory hourly minimum wage when they worked for Defendants.

68. As a result of the Defendants' willful failure to compensate Plaintiff, and other similarly situated current and former employees of Defendants, at or above the statutory minimum hourly rate, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

69. Defendants' unlawful conduct, as described in the instant Amended Collective Action Complaint, has been willful and intentional.

70. Defendants were aware or should have been aware that the practices described in the instant Amended Complaint were unlawful.

71. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

72. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

73. Due to Defendants' FLSA violations, Plaintiff and other similarly situated current and former employees of Defendants are entitled to recover from Defendants unpaid minimum wage compensation, and an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM OF RELIEF**
**OVERTIME CLAIMS UNDER FAIR LABOR STANDARDS ACT**

74. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

75. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and other similarly situated current and former employees of Defendants.

76. At all relevant times, Defendants failed to pay overtime compensation, equal to one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek, to the individuals Defendants employed as Drivers and Helpers, including Plaintiff and other similarly situated current and former employees of Defendants.

77. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and other similarly situated current and former employees

of Defendants, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 et seq.

78. Defendant's unlawful conduct, as described in the instant Amended Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in the instant Amended Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

79. Because of Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80. As a result of Defendant's unlawful acts, Plaintiff and other similarly situated current and former employees of Defendants have been deprived of overtime compensation and other wages in amounts to be determined at trial and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELIEF**
**NEW YORK STATE MINIMUM WAGE ACT**

81. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

82. Defendants willfully violated Plaintiff's rights by paying Plaintiff at rates that were less than the statutory minimum wage for each hour worked, in violation of NYLL and the Wage Order.

83. Defendants' NYLL and Wage Order violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

84. Due to Defendants' NYLL and Wage Order violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements in connection with this action, pursuant to New York State Labor Law §§ 190 *et seq.* and 650 *et seq*.

**FOURTH CLAIM FOR RELIEF**
**WAGE ORDER OVERTIME CLAIMS**

85. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

86. The overtime wage provisions of Article 19 of the NYLL and its Wage Order apply to Defendants, and protect Plaintiff.

87. Defendants failed to pay Plaintiff overtime wages to which Plaintiff was entitled to pursuant to NYLL and the Wage Order, 12 N.Y.C.R.R. § 142-2.2.

88. Through their knowledge or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19 §§ 650 *et seq*., and the supporting Wage Order.

89. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and prejudgment interest.

90. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages as provided for by NYLL Article 19, § 663, reasonable attorneys' fees, costs, and prejudgment interest.

**FIFTH CLAIM FOR RELIEF**
**WAGE ORDER SPREAD OF HOUR CLAIMS**

91. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

92. Defendants' willfully violated Plaintiffs' rights by failing to pay Plaintiff spread of hours compensation equal to one additional hour of pay at the basic minimum hourly rate of pay when Plaintiff's workday lasted longer than ten hours, in accordance with the NYLL and the Wage Order.

93. Defendants' NYLL violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

94. Through their knowledge or intentional failure to pay Plaintiff spread of hour wages when Plaintiff's workday lasted more than ten (10) hours, Defendants have willfully violated the NYLL Article 19 §§ 650 *et seq*., and the supporting Wage Order.

95. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid spread of hour wages, liquidated damages as provided for by NYLL §§ 198 et seq. and 663 et seq., reasonable attorneys' fees, costs, and prejudgment interest.

**SIXTH CLAIM FOR RELIEF**

**NEW YORK LABOR LAW NOTICE AND RECORDKEEPING
CLAIMS**

96. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

97. Defendants violated NYLL § 195(1)(a) by failing to provide Plaintiff with a written notice at the time of hiring containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;  the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article;  the name of the employer;  any "doing business as" names used by the employer;  the physical address of the employer's main office or principal place of business, and a mailing address if different;  the telephone number of the employer.

98. Due to Defendants' NYLL violations, Plaintiff is entitled to recover $5,000, together with costs and attorneys fees, pursuant to NYLL § 198.

**SEVENTH CLAIM FOR RELIEF
NEW YORK LABOR LAW WAGE STATEMENT CLAIMS**

99. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

100.    Defendants willfully violated Plaintiff's rights by failing to provide Plaintiff with a weekly wage statement compliant with NYLL § 195(3) and 12 N.Y.C.R.R. § 142-2.7.

101.    Defendant's NYLL violations have caused the Plaintiff irreparable harm for which there is no adequate remedy at law.

102.    Due to Defendant's NYLL violations, Plaintiff is entitled to recover $5,000, together with costs and attorneys fees, pursuant to NYLL § 198.


### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a)  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and Plaintiff's counsel to represent the Collective Action members;

b)  Declaring that Defendants violated the minimum wage provisions of, and supporting rules and regulations, of the FLSA with respect to Plaintiff and the FLSA Class members;

c)  Declaring that Defendants violated the overtime provisions, and supporting rules and regulations, of the FLSA as to Plaintiff and the FLSA Class members;

d)  Declaring that the Defendants' violations of the FLSA were willful as to Plaintiff and the FLSA Class members;

e)  Awarding Plaintiff and the FLSA Class members damages in an amount equal to any unpaid minimum and overtime wages;

f)  Awarding Plaintiff and the FLSA Class members liquidated damages in an amount equal to 100% of any damages for unpaid minimum and overtime wages;

g)  Declaring that Defendants violated the minimum wage provisions under the NYLL Article 6, §§ 198 *et seq*., NYLL Article 19, §§ 650 *et seq*., and the supporting Wage Order, 12 N.Y.C.R.R. § 142.2.1(a)(1);

h)  Declaring that Defendants violated the overtime wage provisions under the NYLL Article 6, §§ 198 *et seq*., NYLL Article 19, §§ 650 *et seq*., and the supporting Wage Order, 12 N.Y.C.R.R. § 142-2.2;

i)  Declaring that Defendants violated the spread of hour provisions under the Wage Order, 12 N.Y.C.R.R. §§ 142-2.4 and 142-2.18;

j)  Declaring that Defendants violated notice and recordkeeping requirements under NYLL § 195(1);

k)  Declaring that Defendants violated the wage statement requirements under NYLL § 195(3)

l)  Declaring that Defendants violated the wage statement requirements under 12 N.Y.C.R.R. § 142-2.7;

m) Awarding Plaintiff damages in an amount equal to any unpaid minimum and overtime wages under NYLL Article 6, §§ 198 *et seq.*, NYLL Article 19, §§ 650 *et seq.*, and the supporting Wage Order;

n)  Awarding Plaintiff damages for unpaid spread of hour wages and liquidated damages equal to the amount of unpaid spread of hour;

o)  Awarding Plaintiff damages for Defendants violations of the notice and recordkeeping requirements under NYLL § 195(1), pursuant to NYLL §§ 198(1-b);

p)  Awarding Plaintiff damages for Defendants violations of the notice and recordkeeping requirements under NYLL § 195(3), pursuant to NYLL §§ 198(1-d);

q)  Awarding Plaintiff and the FLSA Class members pre-judgment and post-judgment interest, at 9% per centum per annum, pursuant to N.Y. C.P.L.R. §§ 5001(a), 5002, and 5004;

r)  Awarding Plaintiff and the FLSA Class members statutory attorneys fees and costs associated with this action pursuant to the FLSA and NYLL;

s)  Declaring and providing that if any amounts remain unpaid at the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, pursuant to NYLL § 198(4); and,

t) All such other relief that this Court shall deem just and proper.

Date: New York, New York
June 2, 2019

By:

Fausto E. Zapata, Jr. (FZ4957)
*Attorneys for Plaintiff*
277 Broadway, Suite 206
New York, New York 10007
Tel. (212) 766-9870
Email: fz@fzapatalaw.com

20

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I hereby authorize the filing and prosecution of claims in my name, on behalf of myself and all other persons similarly situated, to contest the failure of Natures Way Foods Corp and Juan Rodriguez to pay me minimum and overtime wages as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. I authorize the filing of this consent in the lawsuit challenging such conduct and consent to being named as a representative party plaintiff in this action, pursuant to 29 U.S.C. § 2016(b). I have been provided with a copy of the retainer, that I signed, by Michael B. Palillo, P.C., and I agree to be bound by its terms and hereby designate Michael B. Palillo, P.C., and his co-counsel, The Law Offices of Fausto E. Zapata, Jr., P.C., to represent me in such a lawsuit.

_____  6/2/2019
Jose Gomez                Date